APPEAL OF H. G. COOK.

Docket No. 1741.   Decided October 20, 1926.

Taxable gain realized from the receipt of liquidating dividend determined.

*W. E. Baird, C. P. A.*, for the petitioner.
*Briggs G. Simpich, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income and excess-profits taxes for the year 1919 in the amount of $1,503.78. The controversy for the most part arises from different computations by the taxpayer and the Commissioner of the amount of gain realized on the liquidation of the American Clothing House, of Butler, Mo., within the taxable year.

FINDINGS OF FACT.

The petitioner was a stockholder of the American Clothing House, a Missouri corporation with its principal office at Butler, from the date of incorporation prior to March 1, 1913, to the date of liquidation, May 28, 1919. The authorized capital stock of the corporation was $18,000, divided into 180 shares of the par value of $100 each, of which 175 shares were owned by the petitioner and his wife and 5 shares by Helen E. Cook, a daughter, at the date of dissolution.

Of the 175 shares owned by the taxpayer and his wife at the date of dissolution, 130 were acquired prior to March 1, 1913, and 45 were purchased from G. E. Logan some time in 1918 for a consideration which the parties agree was $7,125.45 or $158.34 per share. Some time between March 1, 1913, and the date of dissolution of the corporation, 5 shares of stock were acquired by Helen E. Cook, a daughter of the taxpayer, who was more than 21 years of age at May 28, 1919.

The book value of the assets of the corporation at March 1, 1913, was $35,014.43, or an average value of $194.52 per share, which we find was the fair market value or price of the stock of the corporation at that date, and the value of the assets at the date of liquidation was $38,485.28, or $213.81 for each share of stock outstanding.

OPINION.

LANSDON: Some controversy over the number of shares of stock of the corporation owned by the wife of the taxpayer developed at the hearing. Since the record discloses that the wife filed no separate return, this is not material. The dividends received from the 175 shares of stock owned by the taxpayer and his wife constituted a single item of income for each of the years in which they were paid and were taxable at rates as provided by law for such years, and this is also true of the liquidating dividends realized from the ownership of such stock at the date of dissolution.

The minutes of the corporation dated May 28, 1919, recite that " the proposition to dissolve the corporation was carried by a unanimous vote of the stockholders and the corporation was purchased by H. G. Cook." There is no evidence as to whether Cook purchased the assets or the stock, but we conclude that the corporation was dissolved and that Cook, or Cook and his wife, received a liquidating dividend based upon their ownership of 175 shares of stock.

The parties have stipulated that the book value of the stock at March 1, 1913, was $194.62 per share. This stock was all closely held and there were no sales indicating a market or a market value at or about the basic date. The taxpayer argues for a value in excess of the

figure fixed by the stipulation and bases his contention on a state, ment of earnings for the five years preceding March 1, 1913, but offered no proof to support this claim. The Commissioner used the book value at March 1, 1913, as the basic value in determining the gain from the sale of stock. In the absence of any evidence in support of a higher or different value, we have found that the stipulated book value at March 1, 1913, was the fair market value or price of the stock of the American Clothing House at that date.

The Commissioner found that the book value of the stock at the date of dissolution was $213.81 per share. This value was ascertained from the balance sheets of the corporation and is not disputed by the taxpayer. The only evidence that the stock may have had a different value at the date of liquidation is the taxpayer's purchase of 45 shares from Logan in 1918 at $158.34 a share. We know nothing of the nature or terms of this transaction and do not regard it as determinative of the value of the assets of the corporation more than a year later, as indicated by the balance sheets of the corporation.

At the date of liquidation the taxpayer, or the taxpayer and his wife, owned 130 shares of stock acquired prior to March, 1913. The gain per share resulting from liquidation was $19.19, or a total of $2,494.70. The gain per share on the 45 shares acquired from Logan in 1918 was $55.47, or a total of $2,496.15. It follows, therefore, that the taxpayer or the taxpayer and his wife realized taxable gain from the liquidation of the American Clothing House in the amount of $4,990.85.

*Judgment will be entered on 10 days' notice, under Rule 50.*